**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| **DOMINGO CARMONA,** | § | |
| | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.** 7:22-cv-33 |
| | § | |
| **LAKEVIEW LOAN SERVICING, LLC, AND SUBSTITUTE TRUSTEE DAVID KARLE,** | § | |
| | § | |
| ***Defendants.*** | § | |

**NOTICE OF REMOVAL**

Defendant Lakeview Loan Servicing, LLC. ("Lakeview") files this Notice of Removal pursuant to diversity jurisdiction under 28 U.S.C. § 1332.

**I.**
**INTRODUCTION**

1. On August 29, 2019, Plaintiff Domingo Carmona ("Plaintiff") filed his Original Petition and Request for Temporary Restraining Order ("Petition") in the County Court at Law No. 9 of Hidalgo County, Texas under Cause No. CL-19-4619-H.[1]

2. In the Petition Plaintiff seek injunctive relief preventing the foreclosure sale of the real property located at 3121 Vera Ave, Edinburg, Hidalgo County, Texas (the "Property"). Plaintiff also seeks to recover damages as well as attorneys' fees.

3. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders, and other papers filed in the state court action and obtained by Defendant are attached hereto and marked as **Exhibit A**.

[1] **Exhibit A**.

**II.**
**TIMELINESS OF REMOVAL**

4. The Petition in this action was filed on August 29, 2019 but was not served on Defendant Lakeview.[2] Therefore, this Notice of Removal is timely.

**III.**
**BASIS FOR REMOVAL: DIVERSITY JURISDICTION**

5. This Court has original jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332 (diversity jurisdiction). The requirements for diversity jurisdiction are met in this case, as Plaintiffs and the only properly-named Defendant, Lakeview, are completely diverse in citizenship and the amount in controversy, exclusive of interests and costs, exceeds $75,000.00.

***A. Complete Diversity Exists.***

6. Plaintiff is a citizen of Texas, residing in Hidalgo County, Texas.[3]

7. Defendant Lakeview Loan Servicing, LLC is a Delaware limited liability company with its principal place of business in the State of Florida. None of the members of Lakeview are citizens of Texas. Lakeview Loan Servicing is not a citizen of the State of Texas for diversity purposes.

***B. Defendant David Karle was improperly joined because substitute trustees cannot be liable to the borrower as a matter of law.***

8. Under the doctrine of improper joinder - sometimes called fraudulent joinder - diversity jurisdiction cannot be destroyed when a plaintiff improperly joins a non-diverse defendant.[4] Improper joinder occurs when there is no reasonable possibility that the plaintiff can establish a cause of action against the non-diverse party in state court.[5]

---

[2] *See* **Exhibit A** (the record does not show a certificate of service for Defendant Lakeview).
[3] *See* **Exhibit A**, Pet. at 1
[4] *McKee v. Kansas City Southern Rail Road Co.,* 358 F3d 329, 333 (5th Cir. 2004).
[5] *Travis v. Irby,* 326 F.3d 644, 648 (5th Cir. 2003). To avoid fraudulent joinder, a plaintiff must be able to show that there is "a reasonable basis for predicting that the state law might impose liability on the facts involved…This

9. Defendant David Karle is named in his capacity as Substitute Trustee, and no allegations are made against him in the Petition.[6] Without stating any allegations against Defendant David Karle, the Plaintiff cannot prevail on a claim against him.[7]

10. Because Plaintiff is a citizen of Texas, Lakeview is a citizen of Florida, and David Karle is improperly joined, complete diversity of the Parties exists.

***C. The Amount in Controversy Exceeds $75,000.00.***

11. In the Original Petition, Plaintiff seeks injunctive relief to enjoin Lakeview from taking any action to foreclose the Property.[8] When such relief is sought, the amount in controversy is measured by the value of the object of the litigation.[9] When the object of the mortgagors' litigation is the protection of their entire property, the fair market value of the property is the proper measure of the amount in controversy.[10] Here, the value of the Property is at least $164,434.[11] Therefore, based on the amount of monetary damages Plaintiff seeks and the value of the injunctive relief sought, the amount in controversy exceeds $75,000.00 and removal is proper.

---

possibility, however, must be reasonable, not merely theoretical." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F3d 305, 312 (5th Cir. 2002) (internal citation and quotations omitted).

[6] *See generally* **Exhibit A**, Pet.

[7] *Vaillancourt v. PNC Bank, Nat'l Ass'n*, 771 F.3d 843, 848 (5th Cir. 2014) (finding PNC satisfied improper joinder burden regarding substitute trustee by demonstrating that plaintiff did not assert any causes of action against him); *Foster v. Deutsche Bank Nat'l Trust Co.*, 848 F.3d 403, 406 (5th Cir. 2017) (ruling there can be no cause of action against substitute trustee if foreclosure never occurred).

[8] *See* **Exhibit A**, Pet. at 3.

[9] *Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013).

[10] *Id.*

[11] *See* Hidalgo County Appraisal District Summary, attached as **Exhibit B**. It is appropriate for the Court to take judicial notice of the Orange County Tax Appraisal because it is a public record and the information it provides is readily ascertainable and the source – the Orange County Tax Appraisal District – cannot reasonably be questioned. *See Funk v. Snyker*, 631 F.3d 777, 783 (5th Cir. 2011).

**V.**
**VENUE**

12. Venue is proper in the Southern District of Texas, McAllen Division pursuant to 28 U.S.C. § 1441(a) because Hidalgo County, Texas is located within this District and cases arising from Hidalgo County, Texas are properly assigned to the Southern District of Texas.[12]

**V.**
**ADDITIONAL REQUIREMENTS**

13. Plaintiffs have not demanded a jury trial.

14. Written notice of removal will be provided to Plaintiff and filed with the County Court of Hidalgo County, Texas contemporaneously with this pleading.

Having satisfied the requirements for removal under 28 U.S.C. §§ 1441 and 1332, Defendant Lakeview Loan Servicing, LLC gives notice that Cause No. CL-19-4619-H, now pending in the County Court at Law No. 9 of Hidalgo County, Texas, has been removed to this Court.

Respectfully submitted,




By: */s/ S. David Smith*

**S. DAVID SMITH**
Texas Bar No. 18682550
Fed. I.D. No. 14233
sdsmith@bradley.com

[12] 28 U.S.C. § 124(b)(7).

Bradley Arant Boult Cummings LLP
600 Travis Street, Suite 4800
Houston, Texas 77002
(713) 576-0300 Telephone
(713) 576-0301 Telecopier

OF COUNSEL:

**MELISSA S. GUTIERREZ**
Texas Bar No. 24087648
Fed. I.D. No. 2255351
mgutierrez@bradley.com
Bradley Arant Boult Cummings LLP
600 Travis Street, Suite 4800
Houston, Texas 77002
(713) 576-0300 Telephone
(713) 576-0301 Telecopier

**CERTIFICATE OF SERVICE**

I certify that on this 21st day of January, 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. I further certify that a true and correct copy of the foregoing has been served on all counsel of record as follows:

**Via email: juanangelguerra1983@gmail.com**

Juan Angel Guerra
State Bar No. 0858132
LAW OFFICE OF JUAN ANGEL GUERRA
1409 N. Stuart Place Road, Suite A
Harlingen, TX 78552
956.428.1600 - T
956.428.1601 – F

*Attorney for Plaintiff*

*/s/ S. David Smith*
S. David Smith