# Exhibit A

## <u>INDEX OF STATE COURT DOCUMENTS</u>

Cause No. CL-19-4619-H

**Domingo Carmona v Lakeview Loan Servicing, LLC and substitute Trustee David Karle, David Karle**

Law No. 9 of Hidalgo County, Texas

| 1. | 01/12/2022 | Case Summary |
|----|------------|--------------|
| 2. | 08/29/2019 | Plaintiff's Original Petition and Request for Temporary Restraining Order |
| 3. | 08/29/2019 | Verification |
| 4. | 08/29/2019 | Affidavit |
| 5. | 08/29/2019 | Temporary Restraining Order |
| 6. | 12/13/2021 | Plaintiff's Motion for trial on the Merits |
| 7. | 12/13/2021 | Order for Trial on Merits |
| 8. | 01/21/2022 | Defendant's Original Answer and Affirmative Defenses |

Skip to Main Content Logout My Account Search Menu New Civil Search Refine Search  Back                    Location : All Courts    Images

# REGISTER OF ACTIONS
## CASE NO. CL-19-4619-I

| | | |
|---|---|---|
| Domingo Carmona VS. Lakeview Loan Servicing, LLC and substitute Trustee David Karle, David Karle | §<br>§<br>§<br>§<br>§ | Case Type: **Real Property - Other Real Property (OCA)**<br>Date Filed: **08/29/2019**<br>Location: **County Court at Law #9** |

---

### PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| **Defendant** | **Karle, David** | |
| | | |
| **Defendant** | **Lakeview Loan Servicing, LLC and substitute Trustee David Karle** | **Sam David Smith**<br>*Retained*<br>713-520-1900(W) |
| | | |
| **Plaintiff** | **Carmona, Domingo** | **JUAN ANGEL GUERRA**<br>*Retained*<br>956-428-1600(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 08/29/2019 | **Original Petition (OCA)** |
| | *Original Petition and Request for TRO* |
| 08/29/2019 | **Order Filed** |
| | *TRO* |
| 08/30/2019 | **Citation Issued** |
| | *DAVID KARLE/PICKED UP BY:/AS PER OFELIA NO NEED FOR CITATION SINCE TRO WAS NOT SIGNED* |
| 09/10/2019 | CANCELED **Temporary Restraining Order Hearing** (8:30 AM) () |
| | *Other* |
| 12/15/2020 | **Order of Transfer, Signed** |
| 11/05/2021 | **DWOP Notice Sent** |
| | *SENT VIA EMAIL/MAILED COPY* |
| 12/13/2021 | **Dismissal Want of Prosecution** (9:30 AM) () |
| | *03/29/2021 Reset by Court to 05/19/2021* |
| | *05/19/2021 Reset by Court to 09/01/2021* |
| | *09/01/2021 Reset by Court to 11/03/2021* |
| | *11/03/2021 Reset by Court to 12/13/2021* |
| 12/13/2021 | **Motion** |
| | *Plaintiff's Motion for trail on the Merits* |
| 12/13/2021 | **Order Setting Hearing, Signed** |
| | *OSH FINAL HEARING.SENT VIA EMAIL/MAILED COPY.* |
| 01/21/2022 | **Answer** |
| | *DEFENDANT'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES* |
| 01/24/2022 | **Final Hearing** (9:30 AM) () |

---

### FINANCIAL INFORMATION

| | | | | |
|---|---|---|---|---|
| | **Plaintiff** Carmona, Domingo | | | |
| | Total Financial Assessment | | | 289.00 |
| | Total Payments and Credits | | | 289.00 |
| | **Balance Due as of 01/21/2022** | | | **0.00** |
| | | | | |
| 08/30/2019 | Transaction Assessment | | | 289.00 |
| 08/30/2019 | EFile Payments from TexFile | Receipt # 2019-048519 | Carmona, Domingo | (289.00) |

Electronically Submitted
8/29/2019 5:10 PM
Hidalgo County Clerk
Accepted by: Ester Espinoza

CAUSE NO._____ **CL-19-4619-H**

| | | |
|---|---|---|
| DOMINGO CARMONA, | § | IN THE COUNTY COURT |
| PLAINTIFF | § | |
| | § | |
| VS. | § | AT LAW NO: _____ |
| | § | |
| LAKEVIEW LOAN SERVICING, LLC | § | |
| AND SUBSTITUTE TRUSTEE | § | |
| DAVID KARLE, | § | |
| DEFENDANTS | § | HIDALGO COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR TEMPORARY RESTRAINING ORDER

TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW**, DOMINGO CARMONA Plaintiff in the above styled and numbered case complaining of LAKEVIEW LOAN SERVICING, LLC. AND DAVID KARLE, as substitute trustee, and their assigns, agents, and representatives and would respectfully show unto the Court the following:

### I.

### CASE LEVEL

Plaintiff believes that this case qualifies as a Level II case and discovery should be conducted as such.

### II

### PARTIES

Plaintiff, DOMINGO CARMONA, is a natural person who is a resident of Hidalgo County, Texas.

Defendant, LAKEVIEW LOAN SERVICING, LLC is a seemingly duly organized company licensed to conduct business in the State of Texas and regularly conducts business within the County of Hidalgo, and may be served with process and/or certified mail in accordance with the Texas Rules of Civil Procedure by serving its assigns, agent, trustee, representatives or attorney of

Electronically Submitted
8/29/2019 5:10 PM
Hidalgo County Clerk
Accepted by: Ester Espinoza

**CL-19-4619-H**

record, to wit:  DAVID KARLE, 14643 Dallas Parkway, Suite 750, Dallas, Texas 75254.

Defendant, DAVID KARLE, as substitute trustee, is an individual that regularly conducts business within the County of Hidalgo, and may be served with process and/or certified mail in accordance with the Texas Rules of Civil Procedure at 14643 Dallas Parkway, Suite 750, Dallas, Texas 75254, or anywhere said substitute trustee may be found.

### III

### JURISDICTION AND VENUE

This court has jurisdiction to hear this case.

Venue is proper in Hidalgo County, Texas because the real property in question is situated in Hidalgo County, and because Plaintiff's cause of action or a part thereof accrued in Hidalgo County, Texas.

### IV.

### FACTS

A.     On or about April 22, 2015, Plaintiff executed a promissory note in the original principal amount of One Hundred Fifty-Five Thousand, One Hundred Thirty-Eight Dollars and no cents. ($155,138.00) U. S. Currency.

B.     The promissory note called for Plaintiff to make monthly payments in the amount of about One Thousand, Two Hundred Forty-Three Dollars ($1.243.00) U. S. Currency including taxes and insurance.

C.     Plaintiff, as collateral, granted by deed of trust a security interest in real property legally described as follows:

**ALL OF LOT 16, ANGEL ESTATES PHASE III, AN ADDITION TO THE CITY OF EDINBURG, HIDALGO COUNTY, TEXAS, ACCORDING TO THE MAP RECORDED IN VOLUME 32, PAGE 38, MAP RECORDS IN THE OFFICE OF THE COUNTY CLERK OF HIDALGO COUNTY, TEXAS, REFERENCE TO WHICH IS HERE MADE FOR ALL PURPOSES,**

and known locally as 3121 Vera Ave, Edinburg, Hidalgo County, Texas 78539.

D.     Said real property is Plaintiff's homestead and sole residence and is set to be foreclosed on September 3, 2019 at 10:00 a.m.

Electronically Submitted
8/29/2019 5:10 PM
Hidalgo County Clerk
Accepted by: Ester Espinoza

**CL-19-4619-H**

E.      Plaintiff had been able to make payments for over 3 years. Ordinarily, Plaintiff would be making said mortgage payments timely; however, due to unexpected circumstances, Plaintiff stayed behind on a few payments. Plaintiff contacted Defendants regarding said situation, but Defendants refused to take late payments.

F.      Plaintiff had, from the inception of the promissory note, tendered the scheduled monthly payments as agreed. Although Plaintiff has performed under the note, some payments were made late during the life of the note. Regardless of the late tender, the holder of the note, including Defendant LAKEVIEW LOAN SERVICING, LLC. has established a course of dealing with Plaintiff of accepting said Plaintiff's late payments.

G.      Plaintiff wishes to remain in his home and requested Defendants to allow Plaintiff pay the arrears.

H.      Plaintiff has never received a demand letter from Defendants putting Plaintiff on notice of demand for late payments or intent to accelerate if not cured.

I.      Defendants failed to provide Plaintiff the right to a cure period. Demand for payment and notice of acceleration must not be simultaneous. *Williamsson v. Dunlap*, 693 S.W. 2d 373 (Tex. 1985). Here, Plaintiffs were not allowed their legal right to cure; therefore, invalidating any notice of acceleration provided herein.

J.      Plaintiff has tendered late payments on various occasions and said late payments were accepted and deposited by Defendant LAKEVIEW LOAN SERVICING, LLC. and Defendants have not said anything.

K.      Defendants have not made a due diligent effort to allow Plaintiff to bring the account current despite the fact that Plaintiff has tried to make his payments but Defendants have refused to accept payment.

L.      Furthermore, Plaintiff will have an irreparable injury and/or have no adequate remedy at law unless this Honorable Court grants a Temporary Restraining Order against LAKEVIEW LOAN SERVICING, LLC and their representatives to include but not limited to DAVID KARLE, as substitute trustee.

## V.
## Waiver of Acceleration of the Note in Accepting Plaintiffs' Late Payments

        As previously stated, Plaintiff has performed under the note, some payments were made late during the life of the note. Regardless of the late

Electronically Submitted
8/29/2019 5:10 PM
Hidalgo County Clerk
Accepted by: Ester Espinoza

**CL-19-4619-H**

tender, the holder of the note has established a course of dealing with Plaintiff of accepting said Plaintiff's late payments.

Plaintiff hereby makes the following argument as to the consequences of the mortgagee accepting late payment.

1. Plaintiffs submit the following cases: *McGowan v. Pasol*, 605 S. W. 2d 728 (Tex. Civ. App.—Corpus Christi 1980); *Ince v. Herskowitz,* 630 S. W. 2d 762 (Tex. Civ. App.—Houston [1st Dist.] 1982); *Holy Cross Church of God in Christ v. Wolf*, 44 S. W. 3d 562 (Tex. 2001) and *Karam v. Brown* (Tex. Civ. App.—El Paso 2013). In *McGowan*, a district court's injunction in favor of a maker of a real estate note against a mortgagee was affirmed by the 13th Court of Appeals because the trial court held, in part, that the mortgagee had accepted 18 late monthly payments so he was precluded from accelerating the maturity without notifying the make that he would not accept late payments in the future. The trial court reasoned that the note contained a waiver of notice of acceleration clause, but without automatic acceleration in the event of default and without a provision that failure to exercise the option to accelerate would not constitute a waiver upon later default.

2. *Ince* is a summary judgment case where the trial court's judgment in favor of the mortgagee/maker was reversed by the 1st Court of Appeals in Houston because the mortgagor's affidavits in a wrongful acceleration and civil conspiracy case raised a fact issue as to the purpose of the acceleration. The Court first stated the following general principles of law in the type of litigation: (1) acceleration should be scrutinized closely because it is harsh remedy; and (2) when a holder of a note accepts late payments without notice from the holder that such late payments would not be acted in the future, permitting acceleration raises a fact issue as to whether the acceleration was to protect the debt or to coerce the maker to either pay the entire debt or forfeit his property.

## VI.
## THE BREACH LETTER

Texas deeds of trust contain a clause that requires the lender to send notice, which is often called a breach or demand letter, informing Plaintiff that their loan is in default before it can accelerate the loan and proceed with foreclosure.

The letter must specify:
- the default,

- the action required to cure the default,

Electronically Submitted
8/29/2019 5:10 PM
Hidalgo County Clerk
Accepted by: Ester Espinoza

**CL-19-4619-H**

- a date of usually not less than 30 days from the date the notice is given to the borrower by which the default must be cured, and

- that failure to cure the default on or before the date specified in the notice may result in acceleration of the debt and sale of the property.

## VII.
## Notice of Default and Intent to Accelerate

Texas law requires that the lender/servicer must send the borrower a notice of default and intent to accelerate by certified mail that provides at least 20 days to cure the default before notice of sale can be given.  The notice must be sent to borrower's last known address and must include the amount due and the date it must be paid.  Defendants did not comply with said requirement pursuant to the Texas Property Code.

From information and belief, Defendants did not comply with the requirements pursuant to the Texas Property Code.  Furthermore, Plaintiff will have an irreparable injury and/or have no adequate remedy at law unless this Honorable Court grants a Temporary Restraining Order against Defendants.

## VIII.
## Temporary Restraining Order

Therefore, Plaintiff requests that the court issue a temporary restraining order and temporarily restrain and enjoin Defendants from doing any of the following acts:

1. Entering the premises located at 3121 Vera Ave, Edinburg, Hidalgo County, Texas 78539.

2. Forcibly removing Plaintiff DOMINGO CARMONA and/or any personal property from the premises located at 3121 Vera Ave, Edinburg, Hidalgo County, Texas 78539.

3. Taking any action and/or affirmative steps to remove Plaintiff and/or the family from the premises located at 3121 Vera Ave, Edinburg, Hidalgo County, Texas 78539.

4. Enforcing any court judgment and/or writ of possession with respect of the premises located at 3121 Vera Ave, Edinburg, Hidalgo County, Texas 78539.

5. And/or any other acts that will tend to interfere with Plaintiff's occupation and/or enjoyment of the premises located at 3121 Vera Ave, Edinburg, Hidalgo County, Texas 78539, including the foreclosure of said property as scheduled.

Electronically Submitted
8/29/2019 5:10 PM
Hidalgo County Clerk
Accepted by: Ester Espinoza

**CL-19-4619-H**

6. Taking any step to foreclose for the sales of the property, if no foreclosure has taken place.

## IX.
## RELIEF REQUESTED

A.      Plaintiff requests, after trial on the merits, that a judgment be entered to prevent the foreclosure of said property, and/or setting aside any foreclosure sale which has occurred or may occur.

B.      Plaintiff also requests that Defendants be found liable for actual damages such damages include, but not limited to:

      1. Mental anguish in the past;

      2. Mental anguish in the future;

      3. Loss of credit in the past; and

      4. Loss of credit in the future.

C.      Such damages are in excess of the minimum jurisdictional limits of this court, for which Plaintiff hereby sues.

D.      Plaintiff also requests an award of reasonable attorney's fees.  Such award should contain additional awards contingent on appeal.

E.      Plaintiff also requests pre-judgment and post-judgment interest at the maximum rate as provided by law.

F.      Plaintiff also requests all cost of court.

G.      Additionally, after notice and hearing, Plaintiff requests the issuance of a temporary restraining order and temporary injunction.  Such temporary restraining order and temporary injunction maintain the status quo and would prevent Defendants acting alone or in concert with its agents, employees, assigns and/or representatives, from foreclosing, selling or attempting to sell the property in question directly or through a trustee and/or an agent acting on Defendant's behalf.  Each piece of real property in unique and sale of the property would harm Plaintiffs, particularly DOMINGO CARMONA. Plaintiff possesses no adequate remedy at law.

H.      All conditions precedent have been satisfied.

I.      That the bond requirement be a $100.00 bond with two (2) sureties be ordered;

J.      This case cannot be removed to federal court.

Electronically Submitted
8/29/2019 5:10 PM
Hidalgo County Clerk
Accepted by: Ester Espinoza

**CL-19-4619-H**

 

**WHEREFORE, PREMISES CONSIDERED**, DOMINGO CARMONA, Plaintiff in the above-styled and numbered cause, respectfully prays that a temporary restraining order be granted without notice and Defendants be cited to appear and answer herein, that after a hearing, that a temporary injunction be entered, that this court enter a judgment prohibiting Defendants and its agents from attempting to foreclose and from taking any steps to foreclose or to hold a foreclosure sale and, in the event that a foreclosure sale has occurred, then, setting aside any foreclosure sale and order the Defendant to be enjoined from the acts enumerated in Paragraph VIII and awarding damages and reasonable attorney's fees and pre-judgment and post-judgment interest at the maximum rate as provided by law, that the bond be set, and for all other and further relief, either at law or in equity, to which Plaintiff shows himself justly entitled to receive.

 

Respectfully submitted,

 

The Law office of
Juan Angel Guerra
1409 N. Stuart Place Road, Suite A
Harlingen, Texas 78552
956-428-1600
956-428-1601 Fax
Juanangelguerra1983@gmail.com

By: _____/S/ Juan Angel Guerra_____
Juan Angel Guerra
StateBarNo.0858132

Electronically Submitted
8/29/2019 5:10 PM
Hidalgo County Clerk
Accepted by: Ester Espinoza

**CL-19-4619-H**

CAUSE NO._____

| | | |
|---|---|---|
| DOMINGO CARMONA, | § | IN THE COUNTY COURT |
| PLAINTIFF | § | |
| | § | |
| VS. | § | AT LAW NO: _____ |
| | § | |
| LAKEVIEW LOAN SERVICING, LLC. | § | |
| AND SUBSTITUTE TRUSTEE | § | |
| DAVID KARLE, | § | |
| DEFENDANTS | § | HIDALGO COUNTY, TEXAS |

## <u>TEMPORARY RESTRAINING ORDER</u>

The Court, having reviewed the Plaintiff's DOMINGO CARMONA Motion for Temporary Order, and sworn statement testimony and Request for Temporary Restraining Order, finds and is of the opinion that said Request for Temporary Restraining Order has merit and should be granted.

**ORDERED:** Request for Temporary Restraining Orders is GRANTED; and that therefore, Defendants, LAKEVIEW LOAN SERVICING, LLC. AND DAVID KARLE, as substitute trustee, and their assigns, agents, and representatives are temporarily restrained from committing any of the following acts:

1. Entering the premises located at 3121 Vera Ave., Edinburg, Hidalgo County, Texas 78539.

2. Forcibly removing Plaintiff DOMINGO CARMONA and/or their personal property from the premises located at 3121 Vera Ave., Edinburg, Hidalgo County, Texas 78539.

3. Taking any action and/or affirmative steps to remove Plaintiff and/or the family from the premises located at 3121 Vera Ave., Edinburg, Hidalgo County, Texas 78539.

4. Enforcing any court judgment and/or writ of possession with respect of the premises located at 3121 Vera Ave., Edinburg, Hidalgo County, Texas 78539

5. And/or any other acts that will tend to interfere with Plaintiffs' occupation and/or enjoyment of the premises located at 3121 Vera Ave.,

Electronically Submitted
8/29/2019 5:10 PM
Hidalgo County Clerk
Accepted by: Ester Espinoza

**CL-19-4619-H**

Edinburg, Hidalgo County, Texas 78539 including the foreclosure of said property as scheduled.

6. Taking any step to foreclose for the sales of the property, if no foreclosure has taken place.

**IT IS FURTHER ORDERED** by this Court that DOMINGO CARMONA and/or the family is hereby granted permission to continue to use the house located at 3121 Vera Ave., Edinburg, Hidalgo County, Texas 78539 without disruption and/or fear of eviction and may use all personal property contained within disruption and/or fear of eviction and may use all personal property contained within said premises.

**IT IS THEREFORE ORDERED** that the parties appear in the courtroom of the County Court at Law No. _____ of Hidalgo County, Texas at _____am/pm on the _____day of_____, 2019, in the Hidalgo County Courthouse, and show cause why the temporary restraining order should not be issued as a permanent injunction.

The requirement of a bond is $100.00 cash or surety.

Signed on this the _____day of _____, 2019 at _____am/pm.

_____
JUDGE PRESIDING

CAUSE NO. **CL-19-4619-H**

| | | |
|---|---|---|
| DOMINGO CARMONA, | § | IN THE COUNTY COURT |
|     PLAINTIFF | § | |
| | § | |
| VS. | § | AT LAW NO: _____ |
| | § | |
| LOANCARE, LLC, NATIONS | § | |
| LENDING CORPORATION | § | |
| AND SUBSTITUTE TRUSTEE | § | |
| DAVID KARLE, | § | |
|     DEFENDANTS | § | HIDALGO COUNTY, TEXAS |

# V E R I F I C A T I O N

STATE OF TEXAS        }

                           }

COUNTY OF HIDALGO   }

    BEFORE ME, the undersigned Notary Public, on this day personally appeared **Laura Rosales** known to me to be the person whose name is subscribed to the foregoing instrument and acknowledge to me that she has power of attorney to act and behalf of DOMINGO CARMONA who being by me duly sworn on oath deposed and said that the Plaintiff in the above-entitled and numbered cause; that she has read the above and foregoing document and that every statement contained therein is within her personal knowledge and true and correct.  In addition I have also personal knowledge of the facts contained herein and I attest to the veracity of each statement.

                                **Laura Rosales as signature by power**
                                **of attorney from DOMINGO CARMONA**

    SUBSCRIBED AND SWORN TO BEFORE ME on this the _29th_ day of ____Augus__, 2019, to certify which witness my hand and official seal.

                              NOTARY PUBLIC, STATE OF TEXAS

OFELIA HERNANDEZ
My Notary ID # 6659538
Expires June 25, 2022

**CL-19-4619-H**

CAUSE NO._____

| | | |
|---|---|---|
| DOMINGO CARMONA, | § | IN THE COUNTY COURT |
| PLAINTIFF | § | |
| | § | |
| VS. | § | AT LAW NO: _____ |
| | § | |
| LAKEVIEW LOAN SERVICING, LLC. | § | |
| AND SUBSTITUTE TRUSTEE | § | |
| DAVID KARLE, | § | |
| DEFENDANTS | § | HIDALGO COUNTY, TEXAS |

**AFFIDAVIT**

STATE OF TEXAS          }

COUNTY OF HIDALGO  }

BEFORE ME, the undersigned authority, on this day personally appeared Laura Rosales known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that she has power of attorney to act on behalf of Domingo Carmona.

"My name is Domingo Carmona. I am above the age of eighteen (18) am competent to make this affidavit. I reside at 3121 Vera Ave., Edinburg, Hidalgo County, Texas 78539.

On or about April 22, 2015, I executed a promissory note in the original principal amount of One Hundred Fifty-Five Thousand, One Hundred Thirty-Eight Dollars and no cents. ($155,138.00) U. S. Currency.

The promissory note called for me to make monthly payments in the amount of about One Thousand, Two Hundred Forty-Three Dollars ($1.243.00) U. S. Currency including taxes and insurance.

As collateral granted by deed of trust a security interest in real property legally described as follows:

**ALL OF LOT 16, ANGEL ESTATES PHASE III, AN ADDITION TO THE CITY OF EDINBURG, HIDALGO COUNTY, TEXAS, ACCORDING TO THE MAP RECORDED IN VOLUME 32, PAGE 38, MAP RECORDS IN THE OFFICE OF THE COUNTY CLERK OF HIDALGO COUNTY, TEXAS, REFERENCE TO WHICH IS HERE MADE FOR ALL PURPOSES,**

and known locally as 3121 Vera Ave, Edinburg, Hidalgo County, Texas 78539.

Said real property is my homestead and sole residence and is set to be foreclosed on September 3, 2019 at 10:00 a.m.

I have been able to make payments for over 3 years. Ordinarily, I would be making said mortgage payments timely; however, due to unexpected circumstances, I stayed behind on a few payments. I contacted Defendants regarding said situation, but Defendants refused to take late payments.

CL-19-4619-H

     I have, from the inception of the promissory note, tendered the scheduled monthly payments as agreed. Although I has performed under the note, some payments were made late during the life of the note. Regardless of the late tender, the holder of the note, including Defendant LAKEVIEW LOAN SERVICING, LLC has established a course of dealing with me of accepting said late payments.

     I wish to remain in my home and requested Defendants to allow me pay the arrears.

     I have never received a demand letter from Defendants putting me on notice of demand for late payments or intent to accelerate if not cured.

     Defendants failed to provide me the right to a cure period. Demand for payment and notice of acceleration must not be simultaneous. *Williamson v. Dunlap*, 693 S.W. 2d 373 (Tex. 1985). Here, Plaintiffs were not allowed their legal right to cure; therefore, invalidating any notice of acceleration provided herein.

     I have tendered late payments on various occasions and said late payments were accepted and deposited by Defendant LAKEVIEW LOAN SERVICING, LLC. and Defendants have not said anything.

     Defendants have not made a due diligent effort to allow me to bring the account current despite the fact that I have tried to make the payments but Defendants have refused to accept payment.

     Furthermore, I will have an irreparable injury and/or have no adequate remedy at law unless this Honorable Court grants a Temporary Restraining Order against LAKEVIEW LOAN SERVICING, LLC and their representatives to include but not limited to DAVID KARLE, as substitute trustee.

     I have read the Application for Temporary Restraining Order and Application for Temporary Injunction.  The facts contained herein are within my personal knowledge and are true and correct."

     Affiant further sayeth naught

**Laura Rosales as signature by power of attorney from DOMINGO CARMONA**

     SWORN AND SUBSCRIBED to before me on this the _20th_ day of August, 2019.

NOTARY PUBLIC

OFELIA HERNANDEZ
My Notary ID # 6658538
Expires June 25, 2022

Electronically Submitted
12/13/2021 9:44 AM
Hidalgo County Clerk
Accepted by: Reyna De La Garza

CAUSE NO. <u>CL-19-4619-I</u>

| | | |
|---|---|---|
| DOMINGO CARMONA, | § | IN THE COUNTY COURT |
| PLAINTIFF | § | |
| | § | |
| VS. | § | AT LAW NO: <u>9</u> |
| | § | |
| LAKEVIEW LOAN SERVICING, LLC. | § | |
| AND SUBSTITUTE TRUSTEE | § | |
| DAVID KARLE, | § | |
| DEFENDANTS | § | HIDALGO COUNTY, TEXAS |

## PLAINTIFF'S MOTION FOR TRIAL SETTING

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES the Plaintiff, Domingo Carmona, through its undersigned counsel, and pursuant to Rule 245 of the Texas Rules of Civil Procedure, respectfully moves this Court to set a date for the trial of this cause on the merits. This case is set for Dismissal want of Prosecution.

Respectfully submitted,


Respectfully submitted,

Juan Angel Guerra
Attorney at Law
1407 N. Stuart Place Road, Suite B
Harlingen, Texas 78552
956-428-1600
juanangelguerra1983@gmail.com

BY: <u>/s/ *Juan Angel Guerra*</u>
    Juan Angel Guerra
    Bar No. 08581320

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Plaintiff's, Domingo Carmona, Motion for Trial Setting has been sent via certified mail on this the 13th day of December, 2021 to Lakeview Loan Servicing, LLC and David Karle , 14643 Dallas Parkway Suite 750 , Dallas, Texas 75254.

BY: <u>/s/ Juan Angel Guerra</u>
    Juan Angel Guerra

Electronically Submitted
12/13/2021 9:44 AM
Hidalgo County Clerk
Accepted by: Reyna De La Garza

CAUSE NO. <u>CL-19-4619-I</u>

| | | |
|---|---|---|
| DOMINGO CARMONA, | § | IN THE COUNTY COURT |
| PLAINTIFF | § | |
| | § | |
| VS. | § | AT LAW NO: <u>9</u> |
| | § | |
| LAKEVIEW LOAN SERVICING, LLC. | § | |
| AND SUBSTITUTE TRUSTEE | § | |
| DAVID KARLE, | § | |
| DEFENDANTS | § | HIDALGO COUNTY, TEXAS |

## PLAINTIFF'S MOTION FOR TRIAL SETTING

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES the Plaintiff, Domingo Carmona, through its undersigned counsel, and pursuant to Rule 245 of the Texas Rules of Civil Procedure, respectfully moves this Court to set a date for the trial of this cause on the merits. This case is set for Dismissal want of Prosecution.

Respectfully submitted,


Respectfully submitted,

Juan Angel Guerra
Attorney at Law
1407 N. Stuart Place Road, Suite B
Harlingen, Texas 78552
956-428-1600
juanangelguerra1983@gmail.com

BY: /s/ *Juan Angel Guerra*
Juan Angel Guerra
Bar No. 08581320

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Plaintiff's, Domingo Carmona, Motion for Trial Setting has been sent via certified mail on this the 13th day of December, 2021 to Lakeview Loan Servicing, LLC and David Karle , 14643 Dallas Parkway Suite 750 , Dallas, Texas 75254.

BY: /s/ Juan Angel Guerra
Juan Angel Guerra

Electronically Submitted
12/13/2021 9:44 AM
Hidalgo County Clerk
Accepted by: Reyna De La Garza

CAUSE NO. CL-19-4619-I

| | | |
|---|---|---|
| DOMINGO CARMONA, | § | IN THE COUNTY COURT |
| PLAINTIFF | § | |
| | § | |
| VS. | § | AT LAW NO: 9 |
| | § | |
| LAKEVIEW LOAN SERVICING, LLC. | § | |
| AND SUBSTITUTE TRUSTEE | § | |
| DAVID KARLE, | § | |
| DEFENDANTS | § | HIDALGO COUNTY, TEXAS |

## <u>ORDER SETTING FINAL HEARING</u>

On this the _____day of _____, 2021 came on to be considered the Plaintiff's Motion for setting in this cause.  The Court having considered the same is of the opinion that the said Motion should be GRANTED.

**IT IS THEREFORE ORDERED** that the final hearing in the above cause is set for the _____day of _____, 2021 at _____o'clock ___m. and the Clerk of this Court is hereby directed to notify the Defendant, the attorney representing the Defendant, and the attorney representing the Plaintiff of this Order.

SIGNED FOR ENTRY on this the _____day of _____, 2021.

_____
JUDGE PRESIDING

Electronically Submitted
12/13/2021 9:44 AM
Hidalgo County Clerk
Accepted by: Reyna De La Garza

CAUSE NO. CL-19-4619-I

DOMINGO CARMONA,                    §    IN THE COUNTY COURT
     PLAINTIFF                      §
                                    §
VS.                                 §    AT LAW NO: 9
                                    §
LAKEVIEW LOAN SERVICING, LLC.       §
AND SUBSTITUTE TRUSTEE              §
DAVID KARLE,                        §
     DEFENDANTS                     §    HIDALGO COUNTY, TEXAS

## ORDER SETTING FINAL HEARING

On this the __13th__ day of _December_, 2021 came on to be considered the Plaintiff's Motion for setting in this cause. The Court having considered the same is of the opinion that the said Motion should be GRANTED.

**IT IS THEREFORE ORDERED** that the final hearing in the above cause is set for the __24th__ day of _January_, 2022 at __9:30__ o'clock __a__ m. and the Clerk of this Court is hereby directed to notify the Defendant, the attorney representing the Defendant, and the attorney representing the Plaintiff of this Order.

SIGNED FOR ENTRY on this the __13th__ day of _December_, 2021.

_Patricia O'Caña-Olivary LLC_
JUDGE PRESIDING

12/13/2021 2:21:47 PM

Juan Angel Guerra
juanangelguerra1983@gmail.com

Lakeview Loan Servicing, LLC and David Karle
14643 Dallas Parkway Suite 750
Dallas, Texas 78254

Received from the Court
On __12/13/2021  4:11PM__
Initials: __AA__

Electronically Submitted
1/21/2022 3:01 PM
Hidalgo County Clerk
Accepted by: Alma Navarro

**CAUSE NO. CL-19-4619-H**

| | | |
|---|---|---|
| **DOMINGO CARMONA,** | § | **IN THE COUNTY COURT** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **HIDALGO COUNTY TEXAS** |
| | § | |
| **LAKEVIEW LOAN SERVICING,** | § | |
| **LLC.  AND SUBSTITUTE TRUSTEE** | § | |
| **DAVID KARLE,** | § | |
| | § | **AT LAW NO: 9** |
| *Defendants.* | § | |

**DEFENDANT'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Lakeview Loan Servicing, LLC. ("Lakeview") files its Answer and Affirmative Defenses to the Original Petition and Request for Temporary Restraining Order filed by Plaintiff Domingo Carmona ("Plaintiff") and would show as follows:

**I.**
**GENERAL DENIAL**

1.      In accordance with Texas Rules of Civil Procedure 92, Lakeview generally denies all of the claims as alleged by Plaintiff and respectfully prays Plaintiff be required to prove his claims by a preponderance of the evidence or such higher standard as may be applicable.

**II.**
**AFFIRMATIVE DEFENSES**

2.      Some or all of Plaintiff's claims are barred by Plaintiff's prior material breach of the operative contracts.

3.      Some or all of Plaintiff's claims are barred by the economic loss doctrine.

4.      Some or all of Plaintiff's claims are barred by the doctrine of unclean hands.

5.      Some or all of Plaintiff's claims are barred by the statute of frauds.

Electronically Submitted
1/21/2022 3:01 PM
Hidalgo County Clerk
Accepted by: Alma Navarro

6.      Some or all of Plaintiff's claims are barred by failure to perform all conditions precedent to recovery.

7.      Some or all of Plaintiff's claims are barred by laches, waiver, and/or estoppel.

8.      Some or all of Plaintiff's claims are barred because they are moot.

For these reasons, Defendants Lakeview Loan Servicing, LLC, pray that Plaintiff take nothing by this suit and for such other and further relief for which it may be entitled.

Respectfully submitted,



By:    _____*/s/ S. David Smith*_____

**S. DAVID SMITH**
Texas Bar No. 18682550
sdsmith@bradley.com

**MELISSA GUTIERREZ ALONSO**
Texas Bar No. 24087648
malonso@bradley.com
Bradley Arant Boult Cummings LLP
600 Travis Street, Suite 4800
Houston, Texas 77002
(713) 576-0300 Telephone
(713) 576-0301 Telecopier
***ATTORNEYS FOR DEFENDANT***

4856-7067-4441.3

Electronically Submitted
1/21/2022 3:01 PM
Hidalgo County Clerk
Accepted by: Alma Navarro

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this 21st day of January, 2022, I electronically filed the foregoing with the Clerk of Court by using the e-filing system. I further certify that a true and correct copy of the foregoing has been served on all counsel of record as follows:

<u>***Via CMRRR# 9314 8699 0430 0091 0011 26***</u>
<u>***& E-mail: juanangelguerra1983@gmail.com***</u>
Juan Angel Guerra
1407 N. Stuart Place Road, Suite B
Harlingen, Texas 78552
***Attorney for Plaintiff***

*/s/ David Smith*
S. David Smith

3

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Angela Davis on behalf of S. David Smith
Bar No. 18682550
adavis@bradley.com
Envelope ID: 61043061
Status as of 1/21/2022 3:06 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| S. David Smith | | sdsmith@bradley.com | 1/21/2022 3:01:34 PM | SENT |
| Jessie Manzewitsch Pulero | 24125659 | jmanzewitsch@bradley.com | 1/21/2022 3:01:34 PM | SENT |
| Angela Davis | | adavis@bradley.com | 1/21/2022 3:01:34 PM | SENT |
| Adaly Rendon | | adaly.rendon@bradley.com | 1/21/2022 3:01:34 PM | SENT |
| Juan Angel Guerra | 8581320 | juanangelguerra1983@gmail.com | 1/21/2022 3:01:34 PM | SENT |